# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHOTOMEDEX, INC., | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 07-0025 |
| | : | |
| ST. PAUL FIRE & MARINE INS. CO., | : | |
| Defendant. | : | |

## Memorandum and Order

YOHN, J.                                                                                                                                      March \_\_\_\_, 2008

St. Paul Fire and Marine Insurance Company moves for certification of the court's February 5, 2008 Order with Memorandum pursuant to 28 U.S.C. § 1292(b). St. Paul seeks to immediately appeal the order to the Third Circuit. In the February 5, 2008 Order, the court held that, under Pennsylvania choice of law principles, Pennsylvania substantive law applies to resolve St. Paul's disputed indemnification and attorney fee obligations under an insurance contract. Specifically, St. Paul moves the court to certify the choice of law issue to the Third Circuit. The court will deny St. Paul's motion for the reasons discussed below.

The court has discretion to certify an issue for immediate appeal:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). The court must certify that all three factors are met: (1) that the order involves a controlling question of law, (2) that there is a substantial ground for difference of

opinion about that question, and (3) that an immediate appeal would materially advance the ultimate termination of the litigation. *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974) (en banc). Even then, the district court should exercise its discretion to certify only in exceptional cases. *Milbert v. Bison Labs., Inc.*, 260 F.2d 431, 433 (3d Cir. 1958). The Third Circuit has held that "[t]he certification procedure is not mandatory; indeed permission to appeal is wholly within the discretion of the courts, even if the [§ 1292(b)] criteria are present." *Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir. 1976).

In this case, St. Paul has failed to show a "substantial ground for difference of opinion" under the second element.[1] A substantial ground for difference of opinion "refers to the legal standard applied in the decision for which certification is sought and whether other courts have

---

[1] The parties agree that the first element is met because the choice of either Pennsylvania or California substantive law controls the outcome of this litigation. (*See* Def. Mem. Supp. Mot. for Cert. 5; Pl. Resp. 6.) Because the court concludes that St. Paul has failed to satisfy the second element, the court will not reach a holding regarding the third element. For the third element, the court examines practical considerations, such as "whether an immediate appeal would 1) obviate the need for a trial; 2) eliminate complex issues thereby greatly simplifying the trial; [or] 3) eliminate issues thus making discovery much easier and less costly." *Zygmuntowicz v. Hospitality Invs., Inc.*, 828 F. Supp. 346, 353 (E.D. Pa. 1993) (citing *In re Magic Marker Sec. Litig.*, 472 F. Supp. 436, 438 (E.D. Pa. 1979)). St. Paul notes that if California substantive law applies, California Civil Code § 2860(c) dictates that the fee dispute be resolved in binding arbitration, eliminating the need for continued litigation of that issue. The third element of St. Paul's present motion hinges on St. Paul's ability to compel binding arbitration under California law, instead of prosecuting the litigation to completion in this court. St. Paul did not, however, raise this affirmative defense in its Answer to the Complaint, and the court later denied St. Paul's motion for leave amend its affirmative defenses. *See* Order, No. 07-25 (Nov. 29, 2007). In the court's November 29, 2007 Order, the court denied St. Paul's motion without prejudice to reinstate the motion if the court determined that California substantive law applies. Even assuming that St. Paul would reinstate its motion if successful on appeal, PhotoMedex opposed the motion. The court will, therefore, not speculate about its potential disposition of that motion. Thus, the court is presently unwilling to conclude that an appeal would materially advance the ultimate termination of the litigation, and, if the court needed to base its current decision solely on the third element, likely would not exercise its discretion to certify the February 5, 2008 Order.

substantially differed in applying that standard." *Harter v. GAF Corp.*, 150 F.R.D. 502, 517 (D.N.J. 1993). The legal standard at issue in this case is the application under Pennsylvania choice of law principles of the Restatement (Second) of Conflict of Laws § 193 to a comprehensive general liability insurance policy covering transient risks, such as the risk of being sued for malicious prosecution. St. Paul pins its motion on the apparent divergence between the Third Circuit's opinions in *Hammersmith v. TIG Ins. Co.*, 480 F.3d 220, 227-28 (3d Cir. 2007), which applied Pennsylvania choice of law principles, and *General Ceramics, Inc. v. Firemen's Fund Ins. Co.*, 66 F.3d 647 (3d Cir. 1995), which applied New Jersey choice of law principles. In the February 8, 2008 Memorandum, the court discussed these two cases at length, concluding that *Hammersmith* controls when applying Pennsylvania's choice of law rules. In the present motion, St. Paul has provided no basis to revisit that conclusion or the court's ultimate application of *Hammersmith*. The court will, thus, deny St. Paul's motion.

      An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHOTOMEDEX, INC., | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 07-0025 |
| | : | |
| ST. PAUL FIRE & MARINE INS. CO., | : | |
| Defendant. | : | |

## Order

**AND NOW** on this _____ day of March 2008, upon consideration of defendant St. Paul Fire & Marine Insurance Co.'s motion for certification (Docket No. 39) of the court's February 5, 2008 Order with Memorandum, plaintiff PhotoMedex, Inc.'s response, St. Paul's reply, and PhotoMedex's sur-reply, **IT IS HEREBY ORDERED** that defendant's motion for certification is **DENIED**.

                                                             s/ William H. Yohn Jr.
                                                           William H. Yohn Jr., Judge